**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Anthony Blake Kirven, Jr.,<br><br>                            Plaintiff,<br><br>v.<br><br>Federal Express Corporation,<br><br>                     Defendants. | Case No.: 3:26-cv-2639-JFA<br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

Plaintiff, by and through undersigned counsel, alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      Plaintiff is a citizen and resident of the State of South Carolina.

2.      Defendant Federal Express Corporation ("FedEx") is incorporated pursuant to the laws of Delaware, has its principal place of business in Memphis, Tennessee, and was actively engaged in business within Lexington County, South Carolina, at the time of and in connection with the subject motor-vehicle collision.

3.      On the day of the subject crash, FedEx was a federally-regulated motor carrier operating under DOT Number 86876 subject to the Federal Motor Carrier Safety Regulations ("FMCSRs"), 49 C.F.R. §§ 350–399.

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the acts and omissions giving rise to Plaintiff's claims occurred in Lexington, South Carolina, within the Columbia Division of this Court.

## FACTUAL ALLEGATIONS

6.      On September 24, 2025, Plaintiff was driving eastbound on Interstate 26 in the middle lane.

7.      At the same time and place, FedEx's agent or employee Elliji Malik Ndiaye ("Ndiaye")  was driving a tractor-trailer eastbound on Interstate 26 in the left lane.

8.      Ndiaye was operating a 2017 Freightliner bearing VIN Number 3AKBGAD49HDHV7159 owned, leased, maintained, controlled, and/or dispatched by FedEx.

9.      The 2017 Freightliner was a Class 8 vehicle with a gross vehicle weight rating of 33,000 lbs or above.

10.      While driving alongside Plaintiff, Ndiaye made a rightward lane change from the left lane, striking Plaintiff's vehicle in the center lane and forcing him off the road, into a ditch, and into a roadsign.

11.      Plaintiff sustained serious and permanent injuries and scarring, incurred significant medical expenses, lost wages and earning capacity, and endured physical pain, mental anguish, inconvenience, and loss of enjoyment of life.

12.      At all relevant times, Ndiaye was acting within the course and scope of his statutory employment with FedEx, and FedEx is vicariously liable for his acts and omissions.

13.      FedEx is a for-hire motor carrier operating a commercial motor vehicle, a tractor trailer, while transporting property in interstate commerce at the time of the Crash.

14.      Plaintiff was not an employee of FedEx at the time of the Crash.

2

## FIRST CAUSE OF ACTION
(Negligence Against FedEx)

15.     Plaintiff adopts, realleges, and incorporates the allegations contained in the preceding paragraphs.

16.     FedEx and its agents owed Plaintiff a duty to operate their commercial motor vehicle safely, lawfully, with reasonable care, and in compliance with state and federal safety laws.

17.     FedEx and its agents breached that duty by, among other things:

   a.  Driving too fast for conditions;

   b.  Failing to yield the right-of-way to Plaintiff's vehicle;

   c.  Failing to maintain a proper lookout;

   d.  Failing to account for the known limitations of his commercial vehicle;

   e.  Operating the vehicle carelessly and recklessly.

18.     As a direct and proximate result of FedEx and its agents' negligence, Plaintiff sustained the injuries and damages described below.

19.     FedEx and its agent's breach described above was not only negligent, but also grossly negligent, careless, reckless, willful, and wanton.

20.     FedEx and its agent's negligence, gross negligence, carelessness, recklessness, willfulness, and wanton breach of duty directly and proximately caused Plaintiff serious injuries, as well as Plaintiff's outstanding medical bills.

21.     Because Plaintiff was injured as a direct result of FedEx's acts and omissions described above, Plaintiff is entitled to actual and compensatory damages for personal injuries and property damage in the amount the jury determines at the trial of this case.

3

22.     FedEx's acts and omissions demonstrate such want of care as to show FedEx was consciously indifferent both to the consequences of its acts and omissions and to the health, safety, and rights of Plaintiff and others. Thus, in addition to Plaintiff's compensatory damages, FedEx should also pay punitive damages in the amount the jury determines appropriate to punish FedEx for its reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which FedEx violated.

23.     Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines he is entitled.

## <u>SECOND CAUSE OF ACTION</u>
(Negligence *Per Se*)

24.     Plaintiff adopts, realleges and incorporates the allegations contained in the preceding paragraphs

25.     FedEx and its agents violated applicable South Carolina traffic statutes governing lane change and right-of-way.

26.     FedEx and its agents further violated the FMCSRs, including but not limited to 49 C.F.R. §§ 392.2 and 392.7.

27.     These statutes and regulations were enacted to protect the motoring public, including Plaintiff.

28.     FedEx and its agents' statutory violations constitute negligence *per se* and were a direct and proximate cause of the collision and Plaintiff's resulting injuries and damages.

29.     FedEx is vicariously liable for the negligence *per se* of its employee and agent, Ndiaye.

4

## THIRD CAUSE OF ACTION
### (Negligent Hiring, Training, Supervision, And Retention)

30.    Plaintiff adopts and realleges the preceding paragraphs.

31.    FedEx owed Plaintiff a duty to exercise reasonable care in the hiring, training, supervising, and retention of its drivers, including Ndiaye.

32.    FedEx breached these duties by hiring and retaining Ndiaye despite its knowledge, actual or constructive, of his unfitness, inexperience, unsafe driving history, or incompetence to safely operate a commercial motor vehicle.

33.    FedEx further breached that duty by failing to ensure Ndiaye was properly trained in the safe operation of tractor-trailers, including compliance with federal motor carrier safety regulations, state law, and industry safety standards regarding prohibited and unsafe maneuvers, including lane changes.

34.    FedEx also failed to adequately supervise and monitor Ndiaye's driving performance and continued to employ him despite evidence or warning signs of unsafe driving practices.

35.    Plaintiff is entitled to recover actual and punitive damages against FedEx for its direct negligence.

## DAMAGES

36.    As a direct and proximate result of Defendants' acts and omissions, Plaintiff suffered damages recoverable under South Carolina law, including:

     a.    Past and future medical expenses;

     b.    Past and future pain and suffering;

     c.    Mental anguish and emotional distress;

    d.     Loss of enjoyment of life and impairment;

    e.     Permanent injury, permanent scarring and disability;

    f.     Lost wages and loss of earning capacity;

    g.     Household services and other out-of-pocket expenses;

    h.     Pre- and post-judgment interest as allowed by law; and

37.    Punitive damages for reckless, willful, and wanton conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant for actual and compensatory damages in an amount to be determined by the jury, punitive damages in an amount sufficient to punish Defendant and deter similar conduct; costs of this action; attorneys' fees, pre- and post-judgment interest, and such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**MORGAN & MORGAN P.A.**

*/s/ James G. Biggart II*
JAMES G. BIGGART II, ESQ.
Federal ID: 14195
COOPER KLAASMEYER, ESQ.
Federal ID: 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5186
Fax: (843) 947-6113
jbiggart@forthepeople.com
cooper.klaasmeyer@forthepeople.com
biggartlitigation@forthepeople.com
**Attorneys for the Plaintiff**

6

February 19, 2026
Charleston, South Carolina