IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA  DIVISION

|  |  |  |
|---|---|---|
| Anthony Blake Kirven, Jr, | ) | Case No.: 3:26-cv-2639-JFA |
|  | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | **ANSWER** |
| Federal Express Corporation | ) |  |
|  | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**COMES NOW,** Defendant, Federal Express corporation (hereinafter "Defendant"), by and through his undersigned attorneys, answering the Complaint of the Plaintiff, would allege and show unto the Court:

<u>**FOR A FIRST DEFENSE**</u>

1.    Defendant lacks sufficient knowledge and information to form a belief as to the allegations of Paragraph 1 and therefore, must deny the same.

2.    Responding to Paragraph 2, Defendant admits that it a corporation organized and existing in a state other than South Carolina with its principal place of business in a state other than  South Carolina.  As to any remaining allegations contained in Paragraph 2, Defendant lacks sufficient knowledge and information to respond, and, therefore, denies the same.

3.    Paragraphs 3 through 5 are legal conclusions to which no response is required. To the extent a response is required, Paragraphs 3 through 5 are denied.

4.    Paragraph 6 is admitted.

5.    Responding to Paragraph 7, Defendant admits that at the time of the underlying

incident, Elliji Malik Ndiaye was operating his vehicle in the course and scope of his employment for Night Flyte, Inc., an independent service provider to Federal Express Corporation pursuant to a service provider agreement. Defendant also admits, for purposes of this litigation only, that Elliji Ndiaye was acting as an agent of Federal Express Corporation at the time of the subject incident, pursuant to the terms of the service provider agreement in effect between Defendant and Night Flyte, Inc. at that time. All remaining allegations contained in Paragraph 7 are denied.

6.      Paragraph 8 is denied.

7.      Lacks sufficient knowledge and information to form a belief as to Paragraph 9, and, therefore, denies the same.

8.      Responding to Paragraph 10, Defendant admits that the vehicle that Ndiaye was operating merged into Plaintiff's lane of travel and made contact with Plaintiff's vehicle. Defendant lacks sufficient knowledge and information to form a belief as to the remaining allegations of Paragraph 10 and, therefore, denies the same.

9.      Paragraph 11 is denied.

10.      Responding to Paragraph 12, Defendant admits that at the time of the underlying incident, Elliji Malik Ndiaye was operating his vehicle in the course and scope of his employment for Night Flyte, Inc., an independent service provider to Federal Express Corporation pursuant to a service provider agreement. Defendant also admits, for purposes of this litigation only, that Elliji Ndiaye was acting as an agent of Federal Express Corporation at the time of the subject incident, pursuant to the terms of the service provider agreement in effect between Defendant and Night Flyte, Inc. at that time. All remaining allegations contained in Paragraph 12 are legal conclusions to which no response is required.  To the extent a response is required, the remaining allegations of Paragraph 12 are denied.

11.     Paragraph 13 is denied.

12.     Lacks sufficient knowledge and information to form a belief as to Paragraph 14, and, therefore, denies the same.

13.     Responding to Paragraph 15, Defendant realleges each preceding paragraph as if repeated herein verbatim.

14.     Paragraph 16 is a legal conclusion to which no response is required. To the extent a response is required, Paragraph 16 is denied to the extent it is inconsistent with  South Carolina law.

15.     Paragraphs 17 through 23 are denied.

16.     Responding to Paragraph 24, Defendant realleges each preceding paragraph is if repeated herein verbatim.

17.     Paragraphs 25 through 29 are denied.

18.     Responding to Paragraph 30, Defendant realleged each preceding paragraph as if repeated herein verbatim.

19.     Paragraph 31 is a legal conclusion to which no response is required. To the extent a response is required, Paragraph 31 is denied to the extent it is inconsistent with South Carolina law.

20.     Paragraphs 33 through 35 are denied.

21.     Paragraphs 36 and 37 are denied.

22.     The unnumbered paragraph beginning with WHEREFORE is denied.

## FOR A SECOND DEFENSE
### (Failure to State Claim)

23.    The Defendant would show that the Plaintiff's Complaint fails to state a claim upon which relief can be granted, and, therefore should be dismissed pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

## FOR A THIRD DEFENSE
### (Sudden Emergency)

24.    Even assuming Defendant was negligent in any respect, which is expressly denied, these Defendant would show that the Plaintiff's injuries or losses were the result of and reaction to a sudden emergency over which Defendant had no control and, therefore, Plaintiff's action is barred.

## FOR A FOURTH DEFENSE
### (Unavoidable Accident)

25.    The Defendant would show that such injuries or losses that the Plaintiff sustained, if any, as alleged in Plaintiff's Complaint, were not due to or caused by the negligence on the part of the Defendant, but was rather due to and caused by an unavoidable accident, thereby barring any claim whatsoever.

## FOR A FIFTH DEFENSE
### (Intervening or Superseding Negligence)

26.    The Defendant would show that such injuries or losses that Plaintiff sustained, if any, as alleged in Plaintiff's Complaint, were not due to or caused by any negligence on the part of the Defendants, but were rather due to and caused by the contributing, concurring, intervening or superseding fault, breach of warranty or act or omission of a third party, over which these Defendants had no control.

## FOR AN SEVENTH DEFENSE
### (Punitive Damages)

27.    The Defendant alleges that the Plaintiff's claim for punitive damages violates both the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South

Carolina Constitution in that the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of any meaningful standard and is inconsistent with due process guarantees.

28.    The Defendant alleges that the Plaintiff's claim for punitive damages violates the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 3 of the South Carolina Constitution because, even if it could be argued the standard governing the imposition of punitive damages exists, the standard would be void due to vagueness.

29.    The Defendant alleges that the Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of this Defendant.

30.    The Defendant alleges that the Plaintiff's claim of punitive damages violates the doctrine of separation of powers and Article I, Section 3 of the South Carolina Constitution because punitive damages are a creation of the Judicial Branch of government which invades the province of the Legislative Branch of government.

31.    Defendant would show, upon information and belief, that the Plaintiff's claim for punitive Damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that Defendants could be subjected to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because Defendant can be compelled to give testimony against himself in a penalty situation such as punitive damages; the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in

nature; Plaintiff's claim for punitive damages violates Defendant's right to access the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills these Defendants' exercise of that right; the Plaintiff's claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed; the Plaintiff's claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates both procedural and substantive due process safeguards; therefore, the Plaintiff's claim for punitive damages should be dismissed.

32.     Defendant pleads all applicable statutory caps on punitive damages, including but not limited to the caps described in S.C. Code Ann. § 15-32-530, *et seq*., as amended

**WHEREFORE**, having fully answered, the Defendant prays that the Plaintiff's Complaint be dismissed with costs, for attorney's fees and such other and further relief this Court deems just and proper.

The Defendant demands a jury trial.

**SWEENY, WINGATE & BARROW, P.A.**

s/Richard E. McLawhorn, Jr.
Mark S. Barrow Fed Id. No.: 1220
Richard E. McLawhorn, Jr. Fed Id. No.: 11441
Jake M. Tillery Fed Id. No.: 14371
1515 Lady Street
Columbia, South Carolina 29201
(803) 256-2233- Phone
(803) 256-9177- Fax
msb@sbwlaw.com
rem@swblaw.com
jmt@swblaw.com
**ATTORNEYS FOR DEFENDANT**

Columbia, South Carolina
July 20, 2021